BLD-050                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3661
_____

IN RE: AMIR MAJIKE BEY,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 12-cv-01531)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 29, 2012

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed :  December 19, 2012)
_____

OPINION
_____

PER CURIAM.

Amir Majike Bey, an inmate in Pennsylvania, has filed in this Court a pleading

titled "Writ of Error," which has been docketed as a petition for a writ of mandamus

under 28 U.S.C. § 1651.  Bey is the petitioner in a habeas corpus proceeding pending

before the United States District Court for the Middle District of Pennsylvania.  See Bey

v. Commonwealth of Pennsylvania, M.D. Pa. Civ. No. 12-cv-01531.  In this mandamus

proceeding, Bey claims that he has "put in several affidavits to the clerk" but "somebody

in the office of the clerk tampered with the evidence." Petition at 3. Bey refers in particular to his "demand for a writ of habeas corpus and demand to sue in quo warranto." Id. Bey asks this Court to issue a writ of mandamus directing the clerk "to file, index, and record the above mentioned documents." Id.

Mandamus relief is available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). The petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted). Bey has not satisfied these standards.

The District Court's docket reflects that Bey filed a pro se petition for a writ of habeas corpus on or about August 6, 2012. Bey also submitted a document titled "Petition for Leave to Sue in Quo Warranto Against Corporation Unlawfully Practicing Profession." The habeas petition and "quo warranto" attachment appear on the docket as entry no. 1. The District Court entered an order requiring Bey to pay the filing fee or submit an application to proceed in forma pauperis. Bey responded by moving for leave to proceed in forma pauperis. On August 28, 2012, the Magistrate Judge entered an order noting that Bey's habeas petition was not submitted on the required form, and that he failed to submit an inmate account statement to support the motion to proceed in forma pauperis. The Magistrate Judge afforded Bey time to correct these defects. On or about September 18, 2012, Bey filed a habeas petition on the standard form provided by the

2

Court.  The Magistrate Judge then afforded Bey more time to submit his inmate account statement.  On November 14, 2012, Bey filed an account statement.  Bey's habeas proceeding remains ongoing before the District Court.

Bey's request that we issue a writ of mandamus and direct the clerk "to file, index, and record" his original habeas petition and "quo warranto" document is denied.  Those documents are part of the district court record, and there is no evidence suggesting that they have been "tampered with" or handled improperly.  Bey, moreover, has since filed a habeas petition on the standard form, which would supersede his original habeas petition.  Bey has not shown a clear and indisputable right to the relief he seeks.

Insofar as Bey is objecting to the District Court's order requiring that he re-file the habeas petition on the proper form, or that he submit an inmate account statement, mandamus is not the proper vehicle to raise those objections.  Bey can challenge the District Court's interlocutory rulings by taking an appeal after entry of a final judgment, should an adverse judgment be entered against him.  "In accordance with our respect for the final judgment rule, 'a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.'"  In re Baldwin, --- F.3d ---, ---, 2012 WL 5897581, at *3 (3d Cir. Nov. 26, 2102) (quoting In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998)).  A mandamus petition is not a substitute for an appeal.  In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

For these reasons, we will deny Bey's petition for writ of mandamus.   Bey's pending motion titled "A Security (15 U.S.C.) Claim of Commercial Lien" is denied.